## CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
|----------|--------------------------|------|-------------------|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|-----------------|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Andrew Jablon | Miles Prince |
| | Frank Lee |

**Proceedings:**   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT (Dkt. 71, filed October 16, 2017)

DEFENDANT NNW IMPORT'S MOTION FOR SUMMARY
JUDGMENT (Dkt. 81, filed October 20, 2017)

DEFENDANT STYLES FOR LESS' MOTION FOR SUMMARY
JUDGMENT (Dkt. 85, filed October 20, 2017)

DEFENDANT SUPERLINE'S MOTION FOR SUMMARY
JUDGMENT (Dkt. 88, filed October 20, 2017)

## I.   INTRODUCTION

On November 16, 2016, plaintiff Fabric Selection, Inc. filed the instant action against defendants NNW Import, Inc. ("NNW"), Lifo, Inc., Superline, Inc., Lady Monkey Apparel, Inc., Eve Yun Design Corporation, Zulily, LLC, Styles for Less, Inc. ("Styles"), and Does 1–10, inclusive.[1]  Dkt. 1 ("Compl.").  Plaintiff alleges claims for (1) copyright infringement and (2) contributory copyright infringement.  In sum, plaintiff asserts that it

---

[1]   For purposes of the instant motions for summary judgment, NNW, Superline, and Styles are collectively referred to as "defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. |

registered an original print design with the United States Copyright Office, and that during the last three years, defendants have infringed upon plaintiff's copyright.

On December 13, 2016, Styles and Superline filed answers to the Complaint. Dkts. 16 ("Styles Answer"), 18 ("Superline Answer"). On December 15, 2016, NNW filed an answer to the Complaint. Dkt. 22 ("NNW Answer"). On January 11, 2017, plaintiff filed a Notice of Settlement as to Zulily and Eve Yun. Dkt. 37.

On December 28, 2016, plaintiff requested that the Clerk enter default judgment against the two remaining defendants who failed to appear: Lifo and Lady Monkey. Dkts. 29, 30. On January 3, 2017, the Clerk entered default against Lifo and Lady Monkey pursuant to Federal Rule of Civil Procedure 55(a). Dkts. 33, 34. On July 17, 2017, plaintiff filed a motion for entry of default judgment against Lifo and Lady Monkey. Dkt. 52. On August 21, 2017, the Court denied plaintiff's request for default judgment, concluding that there was a risk of incongruent results if default judgment were entered as to defaulting defendants Lifo and Lady Monkey while non-defaulting parties NNW, Styles, and Superline remained active participants in the litigation.

On October 16, 2017, plaintiff filed a motion for partial summary judgment as to liability and willful infringement against NNW, Styles, and Superline. Dkt. 71 ("Fabric MSJ"). Plaintiff simultaneously filed a request for judicial notice of copyright registration documents, dkt. 72 ("RJN"), along with a statement of uncontroverted facts and conclusions of law, dkt. 75 ("PSUF"). On October 23, 2017, NNW, Styles, and Superline jointly filed an opposition, dkt. 92, ("Joint Opp'n"), and jointly submitted a statement of genuine disputes of fact, dkt. 93 ("DGDF"). On November 6, 2017, plaintiff filed a reply. Dkt. 108 ("Fabric Reply").

On October 20, 2017, NNW filed a motion for summary judgment, dkt. 81, and submitted a statement of uncontroverted facts and conclusions of law, dkt. 82 ("NNW SUF"). On the same day, Styles filed a motion for summary judgment, dkt. 85, and submitted a statement of uncontroverted facts and conclusions of law, dkt. 86 ("Styles SUF"). Similarly, Superline filed a motion for summary judgment, dkt. 88, and submitted a statement of uncontroverted facts and conclusions of law on the same day, dkt. 89 ("Superline SUF"). Plaintiff filed an omnibus opposition on October 30, 2017. Dkt. 96 ("Fabric Opp'n"). On the same day, plaintiff filed three statements of genuine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

disputes of fact in response to defendants' three cross-motions for summary judgment. Dkts. 99, 100, 101. On November 6, 2017, defendants jointly filed a reply. Dkt. 109 ("Joint Reply").

On October 30, 2017, plaintiff filed five evidentiary objections to declarations submitted in support of defendants' cross motions. Dkts. 102, 103, 104, 105, 106. On November 6, 2017, NNW also filed evidentiary objections. Dkt. 110.

On November 6, 2017, Styles filed a Chapter 11 Bankruptcy Petition, and the following day Styles filed a notice of automatic stay before this Court. Dkt. 111. On November 14, 2017, the Court continued all dates in this action for ninety days and continued the instant motions for summary judgment to February 26, 2018. Dkt. 115.

On February 1, 2018, plaintiff filed notice of a United States Bankruptcy Court's decision approving a modification to the automatic stay and allowing plaintiff to proceed in the instant action against Styles to final judgment. Dkt. 116.

The Court held a hearing on February 26, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

The following facts are not meaningfully disputed and are set forth for purposes of background. Unless otherwise noted, the court references only facts that are uncontroverted and as to which evidentiary objections have been overruled.

### A.     Plaintiff's "Subject Design"

Plaintiff is a Los Angeles-based designer and distributor of fabric bearing original textile designs. PSUF no. 1; Dkt. 97, Declaration of Sean Javahari in Support of Plaintiff's Omnibus Opposition ("Javahari Opp'n Decl.") ¶ 2. In 2013, plaintiff's in-house design team created a geometric design that was internally designated as SE30382 (the "Subject Design"). PSUF nos. 2–4; Javahari Opp'n Decl. & Exs. B, C.

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |



**SE30382 – Subject Design**

Plaintiff contends that the Subject Design is part of the "Carden Collection" that was submitted to the Copyright Office and registered on March 13, 2013 as a single work as part of an unpublished collection.[2]  PSUF no. 5; PSUF no. 6; Javahari Opp'n Decl. ¶¶ 5, 6 & Ex. B.  Defendants dispute the contention that plaintiff owns a valid copyright registration with respect to the Subject Design, and argue that plaintiff's own evidence creates a dispute as to whether the Carden Collection was initially published as a valid single work.  DGDF at no. 5; Dkt. 73, Declaration of Sean Javahari (Javahari Decl.) & Ex. D.

---

[2]     The exhibits offered by plaintiff in its request for judicial notice are true and correct copies of the copyright deposit for the Carden Collection from the United States Copyright Office and a registration certificate for the Carden Collection.  RJN at 2 & Exs. A, B.  Federal Rule of Evidence 201(b) provides that "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record."  Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).  Because these are publicly available records, the Court takes judicial notice of these documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
|----------|-------------------------|------|-------------------|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. |

Shortly after March 13, 2013, plaintiff made fabric bearing the Subject Design available for customers to purchase, both online and in its showrooms. PSUF no. 11; Javahari Opp'n Decl. ¶ 7. Upon request, plaintiff offered samples of the Subject Design to its customers and prospective customers. PSUF no. 12; Javahari Opp'n Decl. ¶ 8. Plaintiff sold 36,000 yards of fabric bearing the Subject Design to more than two dozen customers located throughout the country. PSUF no. 13; Javahari Opp'n Decl. ¶ 9 & Ex. D.

In the course of implementing its ordinary procedures for policing its copyrights, plaintiff saw garments bearing a geometric design, the "Accused Design," for sale at Styles. PSUF no. 16; Javahari Decl. ¶ 10. Upon inspection, the garments bearing the Accused Design contained registration number 131226, a registration number that is assigned to NNW. PSUF no. 17; Dkt. 74, Declaration of Stacey N. Knox ("Knox Decl.") ¶ 7. NNW had initially sold the garments bearing the Accused Design to Superline on November 24, 2015. PSUF no. 20; Knox Decl. ¶ 4 & Ex. G. In turn, Superline sold these garments to Styles on November 24, 2015, and to Lifo in December 2015. PSUF no. 21; Knox Decl. ¶ 4 & Ex. G. Styles sold these garments to consumers from December 2015 through July 2016. PSUF no. 22; Knox Decl. ¶ 4 & Ex. H.



**Defendants' Garment – Accused Design**

Defendants did not create the Accused Design. PSUF no. 7; Knox Decl. ¶ 2 & Ex. A at 5, Ex. B at 12–13, Ex. C at 21–22. The parties dispute whether the Accused Design is a "direct copy" of the Subject Design that has had its vertical dimensions reduced by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
|----------|--------------------------|------|-------------------|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

69 percent, and whether unique geometric motifs appear in the Accused Design that do not appear in the Subject Design. PSUF no. 10; DGDF no. 10; Superline SUF no. 1; Lee Decl. ¶ 4. The parties also disagree as to whether defendants conceded in their discovery responses and depositions that the designs are substantially similar. Defendants contend that they were presented with a "deceptive comparison" where defendants were shown two images of the Subject Design and were misled to believe that one of the images was actually a depiction of the *Accused* Design.[3] DGDF no. 8; Dkt. 91, Declaration of Frank N. Lee ("Lee Decl.") ¶¶ 2–7; Dkt. 90, Declaration of Jenny Kim ("Kim Decl.") ¶ 7; Dkt. 87, Declaration of Douglas Pereira ("Pereira Decl.") ¶ 7; Dkt. 83, Declaration of Miles L. Prince ("Prince Decl.") ¶ 4; Dkt. 84, Declaration of Jiacheng Wu ("Wu Decl.") ¶ 12.

**B.      Defendant's Businesses and Copyright Policies**

NNW is a Los Angeles-based apparel distributor, which imports garments that it sells to retailers and wholesalers. PSUF no. 31; Knox Decl. ¶ 5 & Ex. J. NNW is merely a trading company and has never manufactured garments, designed garments, received or reviewed fabric designs or samples, or visited design studios or fabric showrooms. NNW SUF no. 7; Wu Decl. ¶ 2.

NNW's manager is Jiacheng Wu. PSUF no. 32; Knox Decl. ¶ 3 & Ex. D. In order for NNW to purchase garments in China and sell them for resale in Los Angeles, Wu's mother—who lives in China and is not an employee or otherwise paid by NNW—goes to a market in China to locate certain goods for purchase. PSUF no. 33; Knox Decl. ¶ 3 & Ex. D; NNW SUF no. 8; Wu Decl. ¶¶ 3–5. Prior to recent copyright litigation, NNW did not require vendors at the Chinese market to prove their ownership of garment designs in writing before purchase garments; however, Wu's mother ensured through representations and reassurances that the designs were developed by or for the various vendors. PSUF no. 36; Knox Decl. ¶ 3 & Ex. D at 40–43; DGDF Wu Decl. ¶¶ 6–8, 15.

---

[3]      Plaintiff remarks in its Reply that "the referenced confusion was the result of a miscommunication between Mr. Javaheri and the design department working at his direction." Fabric Reply at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. |

Superline is a Los Angeles-based garment wholesaler that acquires and sells garments to retailers and other distributors. PSUF no. 39; Knox Decl. ¶ 6 & Ex. K; Superline SUF no. 4; Kim Decl. ¶ 2. Superline purchases strictly finished goods and does not participate in goods design or manufacturing. Superline SUF no. 5; Kim Decl. ¶ 2. In November 2015, Superline purchased 1,520 garments bearing the Accused Design from NNW; thereafter, Superline resold the units to two retail store customers. Superline SUF no. 7; Kim Decl. ¶ 5. Superline did not ask for proof of the artwork registration regarding the Accused Design. Knox Decl. & Ex. E. Instead, Superline ensures through signed vendor agreements—as it did with NNW—that the goods for sale comply with all applicable laws, including federal law, and that the vendor will indemnify Superline in the event of costs or liabilities due to "legal matters." Kim Decl. ¶¶ 3, 4 & Ex. A. Superline relied upon these vendor agreements that the goods would pose no legal problems for Superline if resold in the United States. Superline SUF no. 10; Kim Decl. ¶ 3.

Styles is a Los Angeles-based retailer in the business of selling goods to consumers. PSUF no. 43; Knox Decl. ¶¶ 3, 6 & Exs. K, F. Styles purchases finished goods and does not participate in goods design or manufacturing. Styles SUF nos. 5, 6; Pereira Decl. ¶¶ 2, 9. In addition, Styles has never reviewed fabric designs or samples, never visited design studios or fabric showrooms, never knowingly viewed a single design by plaintiff, and was not aware of plaintiff until a July 22, 2016 cease and desist letter regarding the Accused Design. Styles SUF no. 6; Pereira Decl. ¶¶ 2, 9.

The buyers for Styles visit various vendors, primarily in the Los Angeles area, to view products offered for sale. Id. The buyers do not ask for any information about the source of the design on goods, PSUF no. 45; Knox Decl. ¶ 3 & Ex. F at 71–73, 73–74, and Styles admittedly "doesn't care" about the source of its designs, PSUF no. 46; Knox Decl. ¶ 3 & Ex. F at 74. Yet Styles' purchases are all subject to the terms and conditions of its purchase order, which contains a section entitled "Non-Violation of Law" that specifically references the vendor's warranty of non-infringement of "any valid patent or trademark." DGDF no. 46; Pereira Decl. ¶ 3 & Ex. A. Styles relied on these purchase orders to confirm that purchased goods would not pose legal problems for Styles if resold

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
|----------|-------------------------|------|-------------------|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. |

in the United States. Styles SUF no. 10; Pereira Decl. ¶ 3.[4] Prior to sale, Styles did not investigate the source of the Accused Design and did not have policies in place to investigate the source of designs prior to acquiring them for sale. PSUF no. 47; Knox Decl. ¶ 3 & Ex. F at 80, 81. Pereira, the president of Styles, testified that requiring its vendors to prove documentation of ownership of designs would be cumbersome and costly. Knox Decl. ¶ 3 & Ex. F at 75–78.

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

---

[4]     Plaintiff's objections to paragraph three of Pereira's Declaration are overruled. It is not hearsay for Pereira to discuss Styles' reliance on its vendors' representations contained in the purchase orders, as the vendors' representations are not offered for the truth of the matters asserted. Nor does Pereira appear to lack foundation or personal knowledge to attest to whether his company, Styles, relied on the vendors' representations contained in the purchase orders. Plaintiff's objections are without merit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

## IV.  ANALYSIS

### A.  Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves for summary judgment on the following issues: (1) plaintiff is the owner of a legally valid copyright in the Subject Design; (2) the Accused Design on defendants' garments is substantially similar to the Subject Design; (3) defendants' had access to the Subject Design; (4) defendants infringed the Subject Design through their distribution, purchase, and sale of garments bearing the Accused Design; (5) plaintiff is entitled to elect statutory damages; and (6) each defendant's infringement was willful.  Fabric MSJ at 9.

### 1.  Plaintiff's Ownership of a Legally Valid Copyright

Plaintiff argues that its March 13, 2013 registration certificate for the Carden Collection constitutes prima facie evidence of the validity of its copyright in the Subject Design.  Fabric MSJ at 17 (citing Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1144 (9th Cir. 2003)).

"Ownership of the copyright is ... always a threshold question."  Topolos v. Caldewey, 698 F.2d 991, 994 (9th Cir. 1983).  The ownership element of a copyright "breaks down into the following constituent parts: (1) authorship, and (2) copyrightability of the subject matter."  Classic Concepts, Inc. v. Linen Source, Inc., Nos. 04–CV–8088 GPS, 04–CV–8457 GPS, 2006 WL 4756377, at *1 (C.D. Cal. Apr. 27, 2006) (citing 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. |

Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.01[A] (2005)). A registration certificate constitutes prima facie evidence of the "validity of the copyright and the facts stated in the certificate." 17 U.S.C. § 410(c) 2011). Here, plaintiff contends that the Subject Design is part of the Carden Collection, which was submitted to the Copyright Office and registered as a single work as part of an unpublished collection. PSUF no. 5. The Court finds that the judicially-noticed copy of the March 13, 2013 United States Copyright Office registration certificate sufficiently demonstrates that plaintiff holds a registration certificate for the Carden Collection, which includes the Subject Design. PSUF no. 4; Javahari Opp'n Decl. & Exs. B, C. Accordingly, plaintiff has established a rebuttable presumption that it owns a valid copyright in the Subject Design.

Defendants have the burden to rebut the presumption that plaintiff owns a valid copyright. Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir. 1997). To rebut this presumption, defendants argue that plaintiff does not have a valid single work registration because plaintiff's sales report for the Carden Collection suggests that sales occurred as early as 2005, nearly eight years prior to the Collection's registration, in apparent contravention of a requirement that published works must be published together to qualify for single work registration. Joint Opp'n at 3 (citing 37 C.F.R. § 202.3(b)(4)(i)(A)).

37 C.F.R. section 202.3(b)(4) sets forth the following requirements for registering a collection as a single work:

(i) For the purpose of registration on a single application and upon payment of a single registration fee, the following shall be considered a single work:

(A) In the case of *published* works: all copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publication, and in which the copyright claimant is the same; and

(B) In the case of *unpublished* works: all copyrightable elements that are otherwise recognizable as self-contained works, and are combined in a single unpublished "collection." For these purposes, a combination of such elements shall be considered a "collection" if:

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

(1) The elements are assembled in an orderly form;

(2) The combined elements bear a single title identifying the collection as a whole;

(3) The copyright claimant in all of the elements, and in the collection as a whole, is the same; and

(4) All of the elements are by the same author, or, if they are by different authors, at least one of the authors has contributed copyrightable authorship to each element.

Registration of an unpublished "collection" extends to each copyrightable element in the collection and to the authorship, if any, involved in selecting and assembling the collection.

37 C.F.R. § 202.3(b)(4) (emphasis added).

Accordingly, a necessary element of a single work, published-collection copyright is that all works included in the registration are self-contained works that are "included in a single unit of publication." C.F.R. § 202.3(b)(4)(i)(A). Although there is no controlling authority directly interpreting the "single unit of publication" requirement, the Copyright Act defines the term "publication" as "the distribution of copies or phoneorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending …." Unicolors, Inc. v. Macy's, Inc., No. 15-CV-00661-AB (EX), 2016 WL 6562063, at *4 (C.D. Cal. Feb. 4, 2016) (citing Olander Enterprises, Inc. v. Spencer Gifts, LLC, 812 F. Supp. 2d 1070, 1076 (C.D. Cal. 2011)); 17 U.S.C. § 101. Thus, a group of published works must be published together in order to qualify as a "single unit of publication" for a single work registration. Olander Enterprises, 812 F. Supp. 2d at 1076.

For unpublished works contained in single work registration, there is no requirement that the collection be sold, distributed, or offered for sale concurrently. See C.F.R. § 202.3(b)(4)(i)(B); United Fabrics Int'l, Inc. v. C & J Wear, Inc., 630 F.3d 1255, 1259 (9th Cir. 2011). Though defendants argue that plaintiff's Carden Collection is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. |

published collection subject to the requirements set forth in section 202.3(b)(4)(i)(A), plaintiff asserts that the Carden Collection is registered as a single work as part of an *unpublished collection*. PSUF no. 6. Thus, the relevant consideration is whether defendants demonstrate that plaintiff's Carden Collection fails to satisfy the requirements provided in section 202.3(b)(4)(i)(B), which apply to unpublished collections.

Nothing in the record suggests that the works in the Carden Collection were not assembled in orderly form, were not organized by a single title, were not subject to the same copyright claimant, or did not share the same author as section 202.3(b)(4)(i)(B) requires. Yet, in its guidance regarding section 202.3(b)(4)(i)(B), the United States Copyright Office states that in order for an applicant to register multiple unpublished works, "all of the copyrightable elements that are otherwise recognizable as self-contained works *must be unpublished*." U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 101 (3d Ed. 2014), 1106.1 (citing 37 C.F.R. § 202.3(b)(4)(i)(B)) (emphasis added); see Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC, No. LACV1600339-JAK-FFMX, 2017 WL 3477746, at *3 (C.D. Cal. May 12, 2017) ("The Copyright Office will not accept a registration as valid of a published work included in an unpublished collection.") Accordingly, to obtain a single work, unpublished-collection copyright registration, it appears that an applicant's subject works must be unpublished prior to registration.

Here, the Court observes that plaintiff's sales report, attached to the Javaheri Declaration as Exhibit D and identified as a "true and correct copy of a sales report showing the earliest date of sale for each of the works in the Carden Collection," appears to suggest that sales of these works occurred as early as June 28, 2005. See Javaheri Decl. & Ex. D. In particular, the sales report suggests that sales of works from the Carden Collection occurred on eleven separate occasions prior to the Collection's March 13, 2013 copyright registration date. Plaintiff argues that this interpretation of the sales report is incorrect, as these pre-March 2013 entries merely reflect fabric sample transactions that were provided *after* March 13, 2013, and that any entry prior to March 13, 2013 is simply a "placeholder date from an old transaction that far precedes any current sales activity." Fabric Reply at 6 (citing Javaheri Decl. ¶ 9). Although plaintiff's explanation is plausible, the Court cannot conclude as a matter of law that the pre-March 2013 dates in the sales report are merely "placeholder dates" that do not reflect actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

sales, particularly when the Court is obligated to view all inferences in the light most favorable to defendants, the party opposing the instant motion.[5]

Moreover, a copyright holder must secure a registration certificate within five years after first publication in order for the certificate to constitute prima facie evidence of both the validity of the copyright and the facts stated in the certificate. See Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 619 (9th Cir. 2010); 17 U.S.C. § 410(c). In light of plaintiff's sales report that, on its face, suggests Carden Collection sales occurring nearly eight years prior to its March 2013 copyright registration date, a triable issue of material fact exists regarding whether plaintiff has established ownership of a valid single work registration for the Subject Design.[6] The Court therefore **DENIES** plaintiff's motion for summary judgment as to its ownership of a valid single work registration for the Subject Design.

### 2.      Substantially Similar Design

Assuming arguendo that plaintiff owns a valid single work registration for the Subject Design, plaintiff next argues that the Accused Design is substantially similar to the Subject Design because a comparison of the designs reveals "objective and irrefutable

---

[5] At the February 26, 2018 hearing, plaintiff's counsel argued that in light of the presumption that plaintiff has a valid copyright, defendants are required to actually rebut this presumption and cannot merely point to plaintiff's sales report and assert a triable issue of material fact. Yet the Court observes that plaintiff's interpretation confuses the issue. While it is true that there is a rebuttable presumption of copyright validity, the responding parties here raise a material issue of disputed fact regarding pre-2013 sales of designs from the Carden collection, which tends to rebut the presumption of copyright validity. Accordingly, in light of the applicable summary judgment standard, the Court must construe all inferences in favor of defendants and concludes that defendants have demonstrated a triable issue of material fact as to plaintiff's ownership of a valid copyright.

[6] This conclusion is particularly warranted given plaintiff's seeming admission regarding the originality of the Subject Design that "at worst, a triable issue of fact exists here." Omnibus Opp'n at 21; see N. Coast Indus. v. Jason Maxwell, Inc., 972 F.2d 1031, 1033 (9th Cir. 1992) ("Originality is the indispensable prerequisite for copyrightability.")

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

similarities" in addition to substantial similarity in the "total look and feel" of the two designs.[7]  Fabric MSJ at 20–21.

In determining whether two works are "substantially similar" for the purposes of copyright infringement, the Ninth Circuit "employ[s] a two-part analysis: an objective extrinsic test and a subjective intrinsic test."  Swirsky v. Carey, 376 F.3d 841, 845 (9th Cir. 2004). "The extrinsic test considers whether two works share a similarity of ideas and expression as measured by external, objective criteria [and] . . . *requires analytical dissection of a work and expert testimony*."  Id. (internal quotations omitted).  "[T]he subjective question whether works are intrinsically similar"—i.e, the subjective intrinsic test—"must be left to the jury."  Id.[8]

---

[7]     The Court observes that in its discussion of substantial similarity, plaintiff compares an image of the Subject Design with an image entitled "Defendant's Design." However, the image entitled "Defendant's Design" appears to be an image of the Subject Design.  See id. at 15, 21.  Defendants remark that plaintiff's pleadings comparing the Subject Design with the Subject Design have not been withdrawn or amended, nor has a declaration been filed by counsel explaining how this "miscommunication" made it past Federal Rule of Civil Procedure 11's requirement that factual contentions have adequate evidentiary support.  Joint Reply at 5.  Defendants suggest that the Court require plaintiff to pay defendants' fees incurred in opposing plaintiff's faulty motion under 28 U.S.C. § 1927 or Rule 11.  Id.  At this juncture, the Court reserves the issue of attorneys' fees for the conclusion of the case.

[8]     The intrinsic test measures "substantial similarity in expression . . . depending upon the response of the ordinary reasonable person."  Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1475 (9th Cir. 1992).  Specifically, it "asks whether the ordinary reasonable person would find the total concept and feel of the works to be substantially similar."  Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991) (internal quotations omitted).

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |






    **Subject Design**          **Accused Design**

With respect to the extrinsic test, plaintiff argues that the "clear similarities" between the designs, "including the expression, position and arrangement of the original decorative elements of the textile patterns," satisfy the point-by-point analysis of the extrinsic test. Fabric MSJ at 20–21. Plaintiff also contends that defendants admitted in discovery that the designs are identical.[9] Id. at 22.

---

[9]     In the Court's tentative ruling, it noted that in light of plaintiff's seemingly misleading comparison between two images of the very same Subject Design, and in light of defendants' assertions that during discovery plaintiff presented defendants with the "same deceptive comparison presented in the motion," the Court could not determine whether defendants conceded in their discovery responses that the two designs are substantially similar or identical. See DGDF no. 8. At the February 26 hearing, plaintiff's counsel again asserted that Superline and Styles admitted that the two designs were substantially similar in response to plaintiff's Request for Admissions. Plaintiff asserted that the images attached to these Request for Admissions *properly* compared the Subject Design with the Accused Design, and thus, summary judgment for plaintiff is warranted on the issue of substantial similarity. Nonetheless, the Court finds that plaintiff "cannot successfully prove substantial similarity as a matter of law simply by offering [Superline's and Styles'] admissions" that the works are "indeed substantially similar." Classic Concepts, 2006 WL 4756377, *6. As analyzed below, plaintiff fails to offer the requisite testimony under the extrinsic test regarding the similarity of the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

In opposition, defendants argue that there are "25 unique elements that distinguish the patterns," and rely on the testimony of Superline's and Styles' counsel, Frank Lee, for this proposition. Joint Opp'n at 5 (citing Lee Decl. ¶¶ 2–7). Plaintiff objects to Lee's testimony on the grounds that it lacks proper foundation and is improper opinion testimony. Dkt. 104 at 2–4. Plaintiff further contends that Lee's testimony is improper insofar as the extrinsic test requires analytic dissection and *expert testimony*, and argues that Lee is defense counsel—not an expert—and that his assertions should be given no weight. Omnibus Reply at 8. Additionally, plaintiff asserts that it has *properly* submitted expert testimony from Sean Javaheri, an officer of plaintiff who has 25 years of experience in the garment and apparel industry, and who testifies that the two designs are substantially similar. Id. at 8 (citing Javaheri Decl. ¶¶ 10–12).

In response, defendants contend that Lee's testimony opines as to "plainly observable differences between the patterns," and that insofar as plaintiff argues that Lee is an improper witness, plaintiff nonetheless "suggests its own officer"—Javaheri— "serves as [its] expert witness on the issue." Joint Reply at 9. Defendants further argue that Lee's testimony regarding the differences between the designs is admissible and relevant, because regardless of whether expert testimony is required to *prove* substantial similarity, there is no such requirement to *disprove* it. Id.

With respect to the adequacy of the parties' purported expert witnesses, Federal Rule of Evidence Rule 702 provides that

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

---

designs. Though the Court recognizes that, in the event of trial, Superline's and Styles' admissions will be admissible evidence regarding the issue of substantial similarity, at this juncture their admissions are not sufficient to allow the Court to determine, as a matter of law, that the designs are substantially similar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. |

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 (a)-(d).  In regards to Lee's and Javaheri's expert knowledge, neither party has provided the Court with a resume or curriculum vitae demonstrating that either individual has the relevant experience and specialized knowledge necessary to aid the Court in determining whether substantial similarities exist between the designs.  Instead, Javaheri offers testimony that he has "over 25 years of experience in the fashion and garment industry, and [he is] very familiar with the garment design and manufacturing process."  Javaheri Opp'n Decl. ¶ 1.  Moreover, Lee only offers his "personal knowledge" of the facts.  Lee Decl. ¶ 1.  Accordingly, insofar as expert testimony is required to aid the Court in its determination of whether summary judgment is warranted as a matter of law, Lee and Javaheri appear to lack the requisite qualifications to engage in an expert "analytical dissection" of the designs.

Not only has the Ninth Circuit remarked that the extrinsic test "requires analytical dissection of a work and expert testimony," Swirsky, 376 F.3d at 845, it has also demonstrated "a certain disfavor for summary judgment on questions of substantial similarity," unless no reasonable jury could find that the works at issue are substantially similar in idea and expression.  Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991).   "Where reasonable minds could differ on the issue of substantial similarity, however, summary judgment is improper."   Shaw v. Lindheim, 919 F.2d 1353, 1355 (9th Cir. 1990).

Here, because the relevant inquiry is whether there is substantial similarity with any *protected* elements of the Subject Design, "it is essential to distinguish between the protected and unprotected material in [] plaintiff's work."  Swirsky, 376 F.3d 841. Assuming arguendo that Javaheri and Lee adequately demonstrate specialized knowledge and expert qualifications, Javaheri still fails to offer an "analytical dissection" of the designs and instead offers his opinion that the "design on the Infringing Garment is a direct copy of the Subject Design that has had its vertical dimensions reduced to 69%." Javaheri Decl. ¶ 11.  Moreover, these observations are based on Exhibit F to Javaheri's Declaration, which—like plaintiff's motion for summary judgment pleadings—appears to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. |

compare two images of the Subject Design while representing that one image instead depicts the Accused Design.  See Javaheri Decl. ¶ 11 & Ex. F.  In his second declaration, submitted in support of plaintiff's opposition to defendants' summary judgment motions, Javaheri remarks that the prior comparison involved a "miscommunication," and submits new testimony concerning the similarities between the designs.  Javaheri Opp'n Decl. ¶ 4–5.  Javaheri then opines that "all of the elements on the design on the Infringing Garment *replicate* elements of the Subject Design."  Id. ¶ 5 & Ex. G (emphasis added). Upon reviewing Exhibit G and Javaheri's comparison of the two designs, the Court observes some nearly imperceptible variations between certain geometric motifs. However, the Court also observes some distinct variations in both elemental design and arrangement of certain motifs.  Accordingly, the Court cannot conclude as a matter of law that the numerous elements within the Accused Garment are "replications," as Javaheri opined, of the elements on the Subject Design.

Similarly, Lee's "elemental analysis"—which concludes that there are twenty-five unique geometric motifs between the designs and only seven shared geometric motifs that are "ubiquitous in the world of design and art"—does little to aid the Court in determining whether the two designs are substantially similar.[10]  See Lee Decl. ¶ 6–7. Many of the geometric motifs that Lee argues "do not appear anywhere in plaintiff's design" are the very same geometric motifs that Javaheri contends are "replicated" from the Subject Design.  See Lee Decl. & Ex. D; Javaheri Opp'n Decl. & Ex. G.  Although it appears to the Court that certain geometric motifs in the Accused Design are distinguishable from those in the Subject Design only by width of lines and width of spacing, it also appears that the Accused Design has unique geometric motifs that do not appear at all in the Subject Design.  In light of these apparent differences *and* similarities between the designs, and absent expert testimony, the Court finds that there is a genuine dispute of material fact on substantial similarity.  See L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 851 (9th Cir. 2012).  This conclusion is particularly warranted due to the triable issue of material fact as to plaintiff's ownership of a valid copyright in the Subject Design.

---

[10]     Lee's testimony is no more helpful with respect to defendant's motions for summary judgment on the issue of "striking similarity," which is discussed below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

Given the Court's denial of summary judgment as to plaintiff's ownership of a valid copyright in the Subject Design and denial of summary judgment as to substantial similarity between the designs, the Court hereby **DENIES as moot** plaintiff's request for summary judgment as to its right to elect statutory damages and as to the issues of defendant's access, infringement, and willfulness.

### B.      Defendants' Motions for Summary Judgment

### 1.      Whether the Designs are Strikingly Similar

Defendants request summary judgment that the Accused Design and the Subject Design are not "strikingly similar" insofar as there are "no less than twenty-five distinct motifs between the Subject Design and Accused Product."  NNW MSJ at 8; Superline MSJ at 8; Styles MSJ at 8.  Because the Court finds that triable issues of material fact exist as to whether the Accused Design is substantially similar to the Subject Design, a triable issue of material fact also exists as to the issue of striking similarity.  See Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 985 (9th Cir. 2017) ("In assessing whether particular works are substantially similar, *or strikingly similar*, this Circuit applies a two-part analysis: the extrinsic test and the intrinsic test.") (emphasis added).  Thus, given that the same two-part analysis applies in determining questions of substantial similarity and striking similarity, the Court **DENIES** defendants' request for summary judgment as to striking similarity.[11]

---

[11]      At oral argument, NNW's counsel argued that in opposition to the motion for summary judgment as to striking similarity, plaintiff failed to respond with *any* evidence that the Accused Design could not possible have been the result of independent creation.  Accordingly, counsel argued that the Court must award summary judgment to defendants on this issue.  While the Court recognizes that the legal analysis regarding striking similarity involves the question of whether the accused work could not possibly have been the result of independent creation, Seals–McClellan v. Dreamworks, Inc., 120 Fed. Appx. 3, 4 (9th Cir. 2004), it also notes that this inquiry is only *part* of the analysis.  Whether two works are strikingly similar turn on the very same test that the Court discussed in relation to substantial similarity—namely, the extrinsic test, which the Court addressed above.  In light of the triable issues of material fact the Court identified

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

### 2.    The Originality of the Subject Design

NNW argues that because the Subject Design contains Aztec-style patterns that have been used for millennia, it is afforded only "thin" protection against identical copying. NNW MSJ at 14. Yet, as plaintiff observes, "a *combination* of unprotectable elements may qualify for copyright protection." Satava v. Lowry, 323 F.3d 805, 811 (9th Cir. 2003) (emphasis in original). Of course, a combination of unprotectable elements "is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." Id. "If there's only a narrow range of expression (for example, there are only so many ways to paint a red bouncy ball on blank canvas), then copyright protection is 'thin' . . . ." Mattel, Inc. v. MGA Entm't, Inc., 616 F.3d 904, 914 (9th Cir. 2010). In such instances of "thin" copyright protection, "a work must be 'virtually identical' to infringe." Id. (citing Satava, 323 F.3d at 812) (glass-in-glass jellyfish sculpture only entitled to thin protection against virtually identical copying due to the narrow range of expression).

Beyond its own internet search that revealed "dozens of patterns no more similar to the Accused Garment as the Subject Design," NNW fails to provide expert testimony—or any testimony at all—that the geometric motifs in the Subject Design are so generic and are arranged in such a way that they deserve only "thin" copyright protection. Yet NNW carries the burden of identifying relevant portions of the record that demonstrate the absence of facts necessary for plaintiff to prove that it owns a valid copyright in the Subject Design, subject to full copyright protection. See generally Celotex, 477 U.S. 317 at 323. In light of the absence of expert testimony on the issue of whether and to what extent the Subject Design contains generic elements, the Court **DENIES** NNW's request for summary judgment as to the Subject Design's originality.

### 3.    Defendants' Access, Willfulness, and Innocence

Defendants request summary judgment on the issue of access to the Subject Design, in addition to summary judgment as to defendants' willfulness and innocence

---

regarding the extrinsic test, the Court similarly finds triable issues of material fact as to striking similarity.

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | February 26, 2018 |
|----------|-------------------------|------|-------------------|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

with respect to infringement.  Given the Court's denial of summary judgment as to plaintiff's ownership of a valid copyright in the Subject Design, denial of summary judgment as to substantial similarity and striking similarity between the designs, and denial of summary judgment as to "thin protection," the Court finds summary judgment regarding the issues of access, willfulness, and innocence to be moot.[12]  Accordingly, the Court **DENIES as moot** defendants' request for summary judgment as to access to the Subject Design and willfulness and innocence with respect to infringement.

## V.    CONCLUSION

In accordance with foregoing, the Court **DENIES** plaintiff's and defendants' motions for summary judgment.

IT IS SO ORDERED.

|  | 00 | : | 30 |
|---|----|---|----|
| Initials of Preparer | | CMJ | |

---

[12]    At oral argument, defendants' counsel again urged the Court to decide the issues of willfulness and innocence.  Counsel argued that until these issues are decided, the case cannot be resolved.  The Court declines to decide these issues for the reasons set forth in this order.  In any event, nothing precludes the Court from deciding these issues after trial in response to a Rule 50 motion.