UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTIONS IN LIMINE (Dkt. 122, filed March 12, 2018; dkt. 124, filed March 12, 2018; dkt. 126, filed March 12, 2018; dkt. 157, filed March 30, 2018)

DEFENDANTS' MOTIONS IN LIMINE (Dkt. 128, filed March 12, 2018; Dkt. 129, filed March 12, 2018; Dkt. 130, filed March 12, 2018; Dkt. 131, filed March 12, 2018; Dkt. 132, filed March 12, 2018; Dkt. 133, filed March 12, 2018; Dkt. 134, filed March 12, 2018; Dkt. 135, filed March 12, 2018)

## I.   INTRODUCTION & BACKGROUND

On November 16, 2016, plaintiff Fabric Selection, Inc. filed the instant action against defendants NNW Import, Inc. ("NNW"), Lifo, Inc., Superline, Inc., Lady Monkey Apparel, Inc., Eve Yun Design Corporation, Zulily, LLC, Styles for Less, Inc. ("Styles"), and Does 1–10, inclusive.  Dkt. 1 ("Compl.").  Plaintiff alleges claims for (1) copyright infringement and (2) contributory copyright infringement.  In sum, plaintiff asserts that it registered an original print design with the United States Copyright Office, and that during the last three years, each defendant has infringed upon plaintiff's copyright.

On December 13, 2016, Styles and Superline filed answers to the Complaint.  Dkts. 16 ("Styles Answer"), 18 ("Superline Answer").  On December 15, 2016, NNW filed an answer to the Complaint.  Dkt. 22 ("NNW Answer").  On January 11, 2017, plaintiff filed a Notice of Settlement as to Zulily and Eve Yun.  Dkt. 37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

On December 28, 2016, plaintiff requested that the Clerk enter default judgment against the two remaining defendants who failed to appear: Lifo and Lady Monkey. Dkts. 29, 30.  On January 3, 2017, the Clerk entered default against Lifo and Lady Monkey pursuant to Federal Rule of Civil Procedure 55(a).  Dkts. 33, 34.  On July 17, 2017, plaintiff filed a motion for entry of default judgment against Lifo and Lady Monkey.  Dkt. 52.  On August 21, 2017, the Court denied plaintiff's request for default judgment, concluding that there was a risk of inconsistent results if default judgment were entered as to defaulting defendants Lifo and Lady Monkey while non-defaulting parties NNW, Styles, and Superline remained active participants in the litigation.  Dkt. 64 (citing Frow v. De La Vega, 52 U.S. 552 (1872)).

On October 16, 2017, plaintiff filed a motion for partial summary judgment as to liability and willful infringement against NNW, Styles, and Superline.  Dkt. 71.  On October 20, 2017, NNW, Styles, and Superline each filed motions for summary judgment, dkts. 81, 85, 88.

On November 6, 2017, Styles filed a Chapter 11 Bankruptcy Petition, and the following day Styles filed a notice of automatic stay before this Court.  Dkt. 111.  On November 14, 2017, the Court continued all dates in this action for ninety days and continued the motions for summary judgment to February 26, 2018.  Dkt. 115.  On February 1, 2018, plaintiff filed notice of a United States Bankruptcy Court's decision approving a modification to the automatic stay and allowing plaintiff to proceed in the instant action against Styles to final judgment.  Dkt. 116.

On February 26, 2018, the Court held oral argument on the summary judgment cross-motions and subsequently denied plaintiff's and defendants' motions for summary judgment.  Dkt. 117.

On March 12, 2018, plaintiff filed three motions in limine.  Dkt. 122 ("Pl. MIL 1"); Dkt. 124 ("Pl. MIL 2"); Dkt. 126 ("Pl. MIL 3").  On March 19, 2018, NNW and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

Superline jointly filed oppositions.[1]  Dkt. 140 ("Dfs. Opp'n 1"); Dkt. 141 ("Dfs. Opp'n 2"); Dkt. 142 ("Dfs. Opp'n 3").  Plaintiff filed a fourth motion in limine on March 30, 2018, dkt. 157 ("Pl. MIL 4"), and on April 3, 2018, defendants jointly filed an opposition, dkt. 161 ("Dfs. Opp'n 4").

On March 12, 2018, NNW and Superline jointly filed eight motions in limine. Dkt. 128 ("Dfs. MIL 1); Dkt. 129 ("Dfs. MIL 2"); Dkt. 130 ("Dfs. MIL 3"); Dkt. 131 ("Dfs. MIL 4"); Dkt. 132 ("Dfs. MIL 5"); Dkt. 133 ("Dfs. MIL 6"); Dkt. 134 ("Dfs. MIL 7"); Dkt. 135 ("Dfs. MIL 8").  On March 19, 2018, plaintiff filed oppositions to defendants' motions in limine.  Dkt. 137 ("Pl. Opp'n 1"); Dkt. 138 ("Pl. Opp'n 2"); Dkt. 139 ("Pl. Opp'n 3"); Dkt. 144 ("Pl. Opp'n 4"); Dkt. 148 ("Pl. Opp'n 5"); Dkt. 149 ("Pl. Opp'n 7"); Dkt. 150 (Pl. Opp'n 8").

On April 2, 2018, plaintiff filed a request for judicial notice in support of its case-in-chief.  Dkt. 160 ("RJN").[2]

On April 9, 2018, the Court held oral argument.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.    PLAINTIFF'S MOTIONS IN LIMINE

### A.    Plaintiff's Motion in Limine One

Plaintiff contends that defendants intend to introduce at trial evidence of other copyright infringement actions filed by plaintiff, and plaintiff asserts that this evidence is irrelevant, would unduly prejudice and confuse the jury, result in mini-trials, and waste

---

[1]    Styles did not file any motions in limine.  For purposes of the Court's discussion concerning the instant motions in limine, NNW and Superline are collectively referred to as "defendants."

[2]    Defendants submit an Omnibus Declaration of Miles L. Prince in support of all motions in limine filed by defendants.  Dkt. 136.  Plaintiff objects to this declaration on evidentiary grounds.  Except as otherwise noted, the Court does not reach plaintiff's objections insofar as it does not rely on this declaration in its analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

the Court's time and resources.  Pl. MIL 1 at 3.  Moreover, plaintiff argues that defendants' attempts to damage plaintiff's credibility by portraying it as a "copyright troll" are highly prejudicial to plaintiff and a waste of time.  Id. at 5.

In opposition, defendants assert that they only intend to offer evidence of unrelated complaints as rebuttal evidence to plaintiff's intended use of unrelated complaints previously filed against defendants.  Dfs. Opp'n 1 at 2.  Defendants contend that if the Court grants defendants' motion in limine to exclude plaintiff's use of past complaints and litigation involving defendants, then defendants will not offer into evidence any other litigation filed by plaintiff.  Id.

Insofar as it is unclear at this juncture how plaintiff's other copyright infringement actions are relevant to the issues in the instant action, the Court **GRANTS** plaintiff's motion in limine to exclude evidence of plaintiff's initiation of other lawsuits.

### B.      Plaintiff's Motion in Limine Two

Plaintiff asserts that defendants will seek to introduce documents attached as Exhibit A to the Declaration of Miles Prince, dkt. 83, which were not identified in defendants' Rule 26 disclosures or produced in response to written discovery.[3]  Pl. MIL 2 at 1.  Plaintiff argues that, setting aside issues of authenticity and relevance, none of these documents were identified in defendants' initial disclosures, and these documents were disclosed only days before the close of discovery and after plaintiff could take any written discovery on the exhibits.  Id. at 2–3.

In opposition, defendants contend that the documents attached as Exhibit A are merely print-outs of the results of a simple Google search, which will be submitted as an exhibit at trial and accompanied by testimony laying foundation for how the results were obtained.  Dfs. Opp'n 2 at 3.  Defendants argue that these print-outs are not even subject

---

[3]      The documents in Exhibit A include images that defendants assert closely resemble the Subject Design.  See Dkt 83.  In particular, these images were obtained as a result of defendants' Google image search for "unique geometric vector seamless pattern made in ethnic style…."  See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

to Rule 26(a), as the results of the Google search were not in the "possession, custody, or control" of defendants prior to defendants' summary judgment research.

Defendants also note that plaintiff recognizes that these documents were produced and disclosed *before* the discovery cut-off, and contend that plaintiff fails to produce any authority why these documents should be excluded.  Id.  Moreover, defendants assert that plaintiff's own disclosures and production suggest that defendants' production was timely and admissible, as only seven days prior to the production of documents in Exhibit A, plaintiff produced 75 pages of business records.  Id.

Insofar as the documents at issue are subject to Rule 26(a) disclosure requirements, the Court finds that the documents were timely disclosed ten days before the close of discovery.  Although plaintiff contends that the documents were disclosed so close to the close of discovery that it was "unable to do any follow-up discovery," it does not appear that plaintiff requested an extension of the discovery cut-off to pursue issues presented by these documents, and plaintiff does not offer any reason for its failure to seek follow-up discovery with ten days remaining before the cut-off.  Accordingly, because these documents were timely produced, the Court **DENIES** plaintiff's request to exclude the documents at issue containing the results of defendants' Google image search.[4]

### C.      Plaintiff's Motion in Limine Three

Plaintiff argues that it secured an admission from Superline and Styles that the Subject Design and the design appearing on the Accused Garment are substantially similar, and asserts that Superline and Styles are bound by that admission and should be precluded from introducing any evidence, testimony, or argument to the contrary.  Pl. MIL 3 at 3.  In particular, plaintiff contends that in connection with written discovery, plaintiff served requests for admissions ("RFA") on Superline and Styles, and that the RFA asked whether the Subject Design, attached as Exhibit 1 to the Complaint, was substantially similar to the design depicted on the garments in the photographs attached as Exhibit 3 to the Complaint.  Id. at 3–4.  In response, Superline and Styles wrote

---

[4]      With respect to evidentiary objections at trial, plaintiff has preserved its hearsay and lack of foundation objections to these documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

"Admit." Id. Plaintiff provides the complete RFAs that it sent Superline and Styles as evidence of its assertions, and contends that the Court should not consider evidence inconsistent with Superline's and Style's admissions.[5] Id. at 4–5 (citing Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n., 333 F. Supp. 2d 975, 984 (D. Or. 2004), aff'd sub nom. Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n, 465 F.3d 1102 (9th Cir. 2006)).

In opposition, defendants assert that plaintiff's motion "completely ignores Superline's and Styles' subsequent supplemental responses thereto"—filed after the February 26, 2018 hearing on the motions for summary judgment—which expressly denied the request. Defs. Opp'n 3 at 2. Defendants further argue that the supplemental responses to the RFA were made in good faith after a "previous comparison provided by plaintiff was revealed to be [] wholly deceptive." Id. at 2–3. Defendants contend that the Court should deny plaintiff's request to exclude Superline's and Styles' supplemental responses, and that it should permit them to present their supplemental responses to the jury. Id. at 5.

Upon review of plaintiff's March 16, 2017 RFAs, which plaintiff submitted along with the instant motion, it appears that RFA number 11 requested Superline and Styles to compare the Subject Design, attached as Exhibit 1 to the Complaint, with the design appearing on the Accused Garment, attached as Exhibit 3 to the Complaint. See Dkt. 126 & Exs. A, B. In turn, Exhibit 1 and Exhibit 3 appear to accurately represent the Subject

---

[5]    At the February 26, 2018 summary judgment hearing, plaintiff's counsel asserted that Superline and Styles admitted that the two designs were substantially similar in response to plaintiff's RFAs. Plaintiff asserted that the images referenced by its RFAs *properly* compared the Subject Design with the Accused Design, and thus, summary judgment for plaintiff was warranted on the issue of substantial similarity. However, in its motion for summary judgment, plaintiff did not provide the Court with a complete copy of the RFAs that it sent to Superline and Styles. Accordingly, in its summary judgment analysis, the Court was unable to determine whether Superline's and Style's admissions were in fact premised on an accurate comparison of the two designs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

Design and the Accused Garment, respectively, and therefore it appears that Superline's and Styles' responses to RFA number 11 were premised on an accurate comparison of the Subject Design and the design on the Accused Garment.  See Compl. & Exs. 1, 2.

The Court requested oral argument on this issue.  At the hearing, it became apparent that neither Superline nor Styles noticed a motion to withdraw its admissions as to substantial similarity, and that these parties supplemented their admissions on February 27, 2018 without leave of Court.  Because Superline and Styles have not moved for withdrawal of these admissions, Superline and Styles may not offer evidence that contradicts these admissions.  See 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985) ("Evidence inconsistent with a Rule 36 admission is properly excluded.") (citing Fed. R. Civ. P. 36(b) advisory committee note (1970)).  Accordingly, the Court **GRANTS** plaintiff's motion in limine to exclude evidence from Superline and Styles that is inconsistent with their admissions as to substantial similarity.

### D.      Plaintiff's Motion in Limine Four

Defendants seek to advise the jury that Styles is in bankruptcy and is no longer in business.  Plaintiff argues that this evidence is irrelevant, would unfairly prejudice plaintiff, confuse the jury, result in mini-trials, and waste the Court's time and resources. Pl. MIL 4 at 3–4.  Moreover, plaintiff contends that the untimeliness of its motion should be excused, as it became clear that Styles was not bringing a representative to trial "during the preparation of the Joint Pretrial Order."  Id. at 5.

In opposition, defendants assert that plaintiff's motion in limine number four was untimely and that its proffered excuse for untimeliness is untrue.  Dfs. Opp'n 4 at 2. Specifically, defendants assert that during the parties' Local Rule 16–2 conference on February 26, 2018, defense counsel explained that Styles could not commit to producing a witness at trial and that no representative from Styles would be present at trial because of the bankruptcy.  Id.  Accordingly, defendants argue there is no reason why plaintiff could not prepare the motion between February 26, 2018 and March 12, 2018, the date the motions in limine were due.  Defendants request that the Court deny the motion or strike it as untimely, and request that the Court issue sanctions against plaintiff for its willful disobedience of the Local Rules.  Id. (citing Espinoza v. First Guar. Fin. Corp.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|----------|--------------------------|------|----------------|
| Title    | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

2013 WL12119737, at \*1 (C.D. Cal. Sept. 5, 2013) (striking motion for insufficient notice); Tiscareno v. Bass, 2011 WL 13213569, at \*6 (C.D. Cal. Jan. 18, 2011) (denying motion for coming after the Court's set deadline).

Moreover, defendants argue that preventing defendants from explaining why Styles is not present at trial would confuse the jury. Id. at 3. Defendants assert that plaintiff intends to use deposition testimony from Styles' representative, and that the jury should be informed as to why the deponent is not available to testify in open court. Id. Defendants state that this is "an issue that will come up at trial once or twice, at most," and contend that the Court could simply take judicial notice of Styles' bankruptcy petition or inform the jury why Styles does not have a representative present at trial. Id.

In the course of oral argument, it became clear that Styles' counsel, Mr. Lee, will be representing Styles at trial, and that whether defendants may reference Styles' bankruptcy arises from the fact that Styles may not have a corporate officer present during trial given that all corporate officers were discharged of their duties in Chapter 11 proceedings. Plaintiff's counsel asserted that plaintiff sent a subpoena to Douglas Pereira, Styles' President, in order to have Pereira testify during trial, and that he intends to read from Pereira's deposition testimony in the event that Pereira does not comply with the subpoena.

When a witness does not comply with a subpoena, and absent any indication of a problem with notice, the witness is considered unavailable under Federal Rule of Evidence 804(b)(1). See Maciel v. Mariposa Cty. Jail, 869 F.2d 1497 (9th Cir. 1989) (reasoning that a witness was unavailable where his attendance at trial was unable to be procured by process or other reasonable means, and where the proponent made a good faith effort to obtain the witness's presence at trial by sending a subpoena). On balance, whether Pereira testifies or whether he is ultimately deemed unavailable, the Court concludes that any reference to Styles' bankruptcy is irrelevant and poses the risk of juror confusion. Accordingly, the Court **GRANTS** plaintiff's motion in limine to exclude reference to Styles' bankruptcy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

### III.   DEFENDANTS' MOTIONS IN LIMINE

#### A.   Defendants' Motions in Limine One and Six

Defendants argue in their first motion in limine that the Court should exclude any expert testimony offered by plaintiff, given that the "Court made clear expert testimony would be required" to prove the issue of substantial similarity in its ruling on the motions for summary judgment, and plaintiff subsequently failed to provide expert disclosures as required by Federal Rule of Civil Procedure 26.  Dfs. MIL 1 at 3–5.  Defendants further assert that following the February 26, 2018 hearing on the motions for summary judgment, plaintiff's counsel represented that plaintiff would be offering expert testimony from two or three of plaintiff's employees, though it did not provide names for these witnesses and did not attempt to provide Rule 26 expert disclosures.  Id. at 4–5.  Defendants argue that plaintiff's failure to adequately disclose its experts has prejudiced defendants, prevented all discovery related to the intended expert testimony, made defense rebuttal of plaintiff's experts impossible, and robbed defendants of the ability to make any expert-related motions in limine.  Id.

Defendants contend that insofar as the Court is inclined to grant defendants' motion in limine number one and exclude expert testimony offered by plaintiff, the Court should also grant motion in limine number six and exclude any argument or evidence regarding substantial similarity, which they argue requires expert testimony.  Dfs. MIL 6 at 3–5.

In opposition, plaintiff asserts that the extrinsic test for substantial similarity does *not* require expert testimony, insofar as the Ninth Circuit's holding that expert testimony is required to undertake the extrinsic analysis in Swirsky v. Carey, 376 F.3d 841 (2004) is contrary to other established Ninth Circuit law.  Pl. Opp'n 1 at 3.  Plaintiff asserts that Ninth Circuit case law holds that expert testimony may be used, if helpful, to aid the trier of fact.  Id. at 3–5 (citing Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000); Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996); Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1443 (9th Cir. 1994)).  Plaintiff argues that Swirsky did not overrule any of the prior decisions holding that expert testimony *may* be used, and contends that Swirsky's facts are distinguishable from the instant action, in that Swirsky

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

dealt with infringement in the context of rhythm and blues songs.  Id. at 5–6.

Moreover, plaintiff asserts that the expected testimony of plaintiff's designer, Yuko Grasier, will not be expert opinion testimony, and that she was disclosed as a witness during the course of discovery.  Id. at 9.  Plaintiff argues that Grasier will offer her testimony about the process by which she created the Subject Design, and will testify as to her observation that the same elements in the Subject Design appear on the design on the Accused Garment.  Id.  Plaintiff asserts that Grasier's testimony will include her (1) percipient testimony, as the designer of the Subject Design, and (2) her opinion as a lay witness that the same elements appear in both designs.  Id. at 10.

Plaintiff also contends that its initial disclosures stated that Sean Javaheri, Grasier's supervisor, would be testifying regarding defendant's alleged infringement, and that plaintiff did not provide an expert report for Javaheri because he is simply an employee of plaintiff who will be testifying on matters within the scope of his employment.  Id. at 11.  Accordingly, because expert testimony is not required to establish the extrinsic prong of the substantial similarity test, and because plaintiff asserts that it can demonstrate substantial similarity without resort to expert opinion testimony, plaintiff argues that the Court should deny defendants' motions in limine one and six.[6]

### 1.      Whether Expert Testimony Is Necessary to Determine Substantial Similarity

The Court notes that its February 26, 2018 order on the parties' cross-motions for summary judgment concluded that expert testimony would aid the Court in its analysis of whether judgment *as a matter of law* was warranted under the extrinsic test.  See Dkt. 117 at 14, 17 ("insofar as the expert testimony is required to aid the Court in its determination of whether summary judgment is warranted as a matter of law, Lee and Javaheri appear to lack the requisite qualifications to engage in an expert 'analytical

---

[6]      Insofar as Grasier's and Javaheri's testimony may be deemed to constitute expert testimony, plaintiff also requests that the Court allow defendants to depose Grasier and designate a rebuttal expert, and thus permit a short continuance of trial.  Id. at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

dissection' of the designs.").

With respect to whether expert testimony is necessary to aid the trier of fact in addressing the extrinsic test at the time of trial, Ninth Circuit precedent demonstrates that expert testimony is "often" (but not always) required.  See Rice, 330 F.3d 1170 at 1179; Three Boys Music Corp., 212 F.3d 477 at 485; Apple Computer, Inc., 35 F.3d 1435 at 1443.  Here, it appears that none of the parties have attempted to properly disclose experts pursuant to Rule 26, and plaintiff asserts that it does not intend to offer expert testimony.  Thus, to the extent expert testimony will be necessary to analytically dissect the design patterns,[7] all parties have failed to designate expert witnesses, and both sides are precluded from offering expert testimony as to substantial similarity.

### 2.      The Scope of Plaintiff's Witness Testimony

Insofar as plaintiff intends to offer the testimony of its designers, Grasier and Javaheri, the Court finds that this testimony is properly limited to a description of the process by which the Subject Design was created, which includes an explanation of artistic decisions to include and incorporate various design elements.  At the hearing, plaintiff's counsel argued that Javaheri was properly disclosed as an employee expert under Rule 26(2)(c)(2), and asserted that regardless, both Grasier and Javaheri could engage in an analytical dissection as to whether particular elements in the Subject Design also exist in the design on the Accused Garment.

Despite plaintiff's arguments that Javaheri is a properly disclosed employee expert, plaintiff failed to file an expert report for both Grasier and Javaheri.  Thus, Grasier and Javaheri—and any other witnesses, including defendants' witnesses—are hereby

---

[7]      An analytical dissection of fabric designs using objective criteria means that the trier of fact will "examine the similarities in their 'objective details in appearance,' including, but not limited to, 'the subject matter, shapes, colors, materials, and arrangement of the representations.' "  L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 849 (9th Cir. 2012), as amended on denial of reh'g and reh'g en banc (June 13, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL          'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

precluded from testifying as to their opinions regarding the similarities between the Subject Design and the design on the Accused Garment. Impermissible testimony includes testimony as to whether elements in the Subject Design are present in the design on the Accused Garment.

Accordingly, the Court **GRANTS** defendants' motion in limine one and **DENIES** defendants' motion in limine six to preclude plaintiff's argument and evidence relating to substantial similarity, given Styles' and Superlines' admissions as to this issue. The Court observes that because neither side is entitled to an expert, then insofar as expert testimony is necessary for determining whether the design on the Accused Garment is substantially similar to the Subject Design, there may be a failure of proof. If necessary, the Court will consider a Rule 50 motion as to this issue at the conclusion of trial.

### B.      Defendants' Motion in Limine Two

Defendants argue that plaintiff intends to offer dozens of unrelated claims, cease and desist letters, and lawsuits involving defendants in support of plaintiff's claim of infringement and willfulness. Dfs. MIL 2 at 5. Defendants assert that none of those unrelated claims resulted in a finding of liability, and amount to mere allegations; thus, they argue that this evidence is irrelevant to whether infringement occurred with respect to the Subject Design. Id. Moreover, defendants argue that the evidence is unfairly prejudicial and a waste of time. Id. Accordingly, defendants argue that this evidence should be excluded under Federal Rule of Evidence 403.

Defendants also contend that to the extent plaintiff offers this evidence to suggest defendants have a habit of infringing, this evidence amounts to improper character evidence. Id. at 6 (citing United States v. Angwin, 271 F.3d 786, 799 (9th Cir. 2001); Classical Silk, Inc., No. 14-CV-09224-ABM-RW, 2016 WL 7638112, at *11 (C.D. Cal. Mar. 21, 2016)).

In opposition, plaintiff asserts that the prior copyright litigation is directly relevant to the issue of willfulness, given that a finding of willfulness in the Ninth Circuit can be based on either intentional or reckless behavior. Pl. Opp'n 2 at 2–3 (citing Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 674 (9th Cir. 2012); Amini

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

Innovation Corp. v. McFerran Home Furnishings, Inc., 301 F.R.D. 487, 491 (C.D. Cal. 2014) (Lew, J.)).  Plaintiff argues that the evidence of prior litigation should not be excluded under Rule 403, because the evidence is not *unfairly* prejudicial and is instead directly relevant to: (1) defendants' knowledge of their obligations under the Copyright Act; (2) Styles' business plan of intentionally not instituting measures to prevent copyright infringement; and (2) NNW's and Superline's desire to make certain business changes only when it becomes economical to do so.  Id. at 6–7.

With respect to plaintiff's attempt to introduce other copyright actions and cease and desist letters against defendants to show that defendants have a habit of infringing, the Court concludes that this evidence is inadmissible because it is more prejudicial than it is probative.  Moreover, counsel for NNW and Superline states that "none of the three defendants … have ever been found liable for copyright infringement," and that "all matters involving any of the three defendants are still pending … or were dismissed by the plaintiff following a settlement that included a denial of any wrongdoing."[8]  Dkt. 136 ¶ 12.  In light of these assertions, and without any evidence that the cases are related or particularly relevant on the issue of willfulness, the Court concludes that each defendant's involvement in unrelated claims, lawsuits, and cease and desist letters is irrelevant to plaintiff's claim of infringement and the issue of willfulness.

Accordingly, the Court **GRANTS** defendants' motion in limine to exclude evidence of defendants' involvement in unrelated claims and lawsuits.

---

[8]  Insofar as plaintiff objects to this testimony as irrelevant and lacking foundation, the Court concludes that this testimony is relevant to whether plaintiff may permissibly reference unrelated cases and cease and desist letters during trial.  With respect to the testimony's foundation, the Court observes that it is *plaintiff's* burden to lay the foundation for the cases that it intends to introduce into evidence.  Accordingly, the Court overrules plaintiff's objection to counsel's testimony concerning the unrelated copyright actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

### C.     Defendants' Motions in Limine Three and Four

In defendants' motion in limine three, defendants assert that plaintiff has made repeated use of an exhibit that inaccurately compared the Subject Design with an image of the same, instead of a correct comparison between the Subject Design and the Accused Garment.  Defs. MIL 3 at 3.  Defendants assert that the evidence is irrelevant and unfairly prejudicial.

With respect to motion in limine four, defendants note that deposition testimony from all three defendants' corporate designees relied heavily on this inaccurate exhibit.  Defs. MIL 4.  Upon realization of this deception, all three deponents disavowed their testimony, and accordingly those deposition transcripts must be redacted and portions making reference or relying upon the deceptive exhibit should not be read into evidence.  Id.  Defendants argue that this is proper insofar as this exhibit is irrelevant, and each deponent was led to believe that they were viewing a comparison of the Subject Design against the Accused Garment.  Id. at 4.

Plaintiff asserts that it may introduce testimony at trial relating to the inaccurate comparison for a single purpose: to impeach the testimony by NNW's President, Jiachen Wu, who, despite the exhibit's two designs being identical, testified extensively to "imagined distinctions" between the two images, which speaks to Wu's credibility.  Pl. Opp'n 3 at 2; Pl. Opp'n 4 at 3.

The Court **GRANTS** defendants' motions in limine three and four to exclude evidence or argument premised upon an inaccurate comparison of the Subject Design with itself.  Plaintiff will not be permitted to use testimony relying on the inaccurate comparison for any purpose.

### D.     Defendants' Motion in Limine Five

Defendants argue that the Court should exclude all evidence or argument offered by plaintiff that relates to reference to China or Chinese companies and their purported cultural or business practices that result in greater amounts of intellectual property theft. Defs. MIL 5 at 2.  Defendants assert that in the Ninth Circuit, any evidence or arguments

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

based on cultural, racial, or ethnic stereotypes must be excluded under Rule 403.  Id. at 4 (citing Jinro America Inc. v. Secure Investments, Inc., 266 F.3d 993 (9th Cir. 2001); Bird v. Glacier Elec. Coop., Inc., 255 F.3d 1136, 1151 (9th Cir. 2001); U.S. v. Cabrera, 222 F.3d 590, 596 (9th Cir. 2000); Bains v. Cambra, 204 F.3d 964, 974–75 (9th Cir. 2000)).  Accordingly, defendants argue that plaintiff should not be allowed to present, even through innuendo, that NNW's business ties to China make it more susceptible to committing copyright infringement.  Id. at 5.  Defendants contend that these theories will unfairly prejudice the jury against NNW for nothing other than its management's national origin, and that this must be prevented as it would cause "irreversible harm."  Id.

In opposition, plaintiff argues that defendants are actually seeking to preclude evidence that NNW acted recklessly by failing to take steps to determine the propriety of the design on the goods it was purchasing, despite acquiring the goods from a country on the Office of the U.S. Trade Representatives ("USTR") Priority Watch list due to pervasive intellectual property theft, and despite purchasing the goods at one of the USTR's identified "Notorious Markets."  Pl. Opp'n 5 at 2.  Plaintiff contends that it has never argued that NNW's goods are of lesser quality because they are from China, or that Wu's character is impugned because he is Chinese.  Id. at 3.  Instead, plaintiff argues that NNW has an obligation to inquire as to the provenance of the design appearing on the goods it was purchasing, and that this obligation was heighted by virtue of the fact that it was acquiring goods from China.  Id.  Plaintiff argues that the pervasive theft of intellectual property by companies located in China is a fact, not a racist stereotype.  Id. at 3–4.

The Court finds that any reference to China or Chinese companies and how their purported cultural and business practices typically involve intellectual property theft is irrelevant to defendants' alleged infringement or willfulness.  To the extent these assertions have any limited probative value, the Court concludes that their risk of unfair prejudice substantially outweighs any probative value under Federal Rule of Evidence 403.  Accordingly, the Court **GRANTS** defendants' motion in limine to exclude any reference to China or Chinese companies and their purportedly common practices of

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

engaging in intellectual property theft.[9]

### E.   Defendants' Motions in Limine Seven

Defendants argue that plaintiff should be precluded from arguing at trial that defendants' alleged infringement was willful. Dfs. MIL 7 at 4. Defendants assert that the claims against NNW as to willfulness amount to five key allegations: (1) the Accused Garment is a supposed 69% reduction of the Subject Design; (2) NNW relied solely on a vendor's representations and warranties; (3) NNW's counsel allegedly stated that garments are purchased by the pound; (4) NNW relies on vendors' representations that designs were original and developed in-house; and (5) NNW had a receipt made in order for the goods to be imported. Id. at 6. With respect to Superline, defendants argue that plaintiff merely alleges that it willfully infringed because it "did nothing" except require indemnity from suppliers and written assurance that all goods complied with applicable law. Id.

Defendants assert that these allegations are irrelevant to the issue of willfulness. Id. at 7 (citing Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., (9th Cir. 2011) 658 F.3d 936, 944 ("To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights.")). Defendants argue that none of the five allegations make it any more or less likely that NNW or Superline were aware that their sales were

---

[9]     Plaintiff requests that the Court take judicial notice of the following facts: (1) the United States government has placed China on its Priority Watch List for having "serious intellectual property rights deficiencies"; and (2) the government has also placed Jin Long Pan Foreign Trade Garment Market, Jinshun Garment Market, Qi Pu Market, Silk Market, Zengcheng International Jeans Market, and Yiwu Market on the "Notorious Markets List," which highlights online and physical markets around the world that are reported to engage in copyright piracy. RJN at 2–3. Given the Court's ruling excluding this evidence from trial, the Court **DENIES** plaintiff's RJN.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

allegedly infringing, or that either acted recklessly.  Id.  Defendants request that the Court exclude any evidence or argument related to alleged willful infringement on the part of NNW or Superline.

In opposition, plaintiff first argues that defendants' motion in limine seven is a procedurally improper motion for reconsideration filed despite express instructions from the Court not to repackage their motion for partial summary judgment as motions in limine.  Pl. Opp'n 7 at 2.  Additionally, plaintiff contends that defendants failed to properly meet and confer in advance of filing the instant motion.

The Court declines to summarily deny the instant motion and will address defendants' motion on the merits, though the Court admonishes all parties to abide by Local Rules during future proceedings.

With respect to the issue of willfulness, plaintiff argues that each defendant is a repeat infringer: (1) Styles has been sued for copyright infringement 38 times and has received approximately 30 cease and desist letters "resolved prior to litigation;" (2) Superline has been sued for copyright infringement a dozen times; and (3) NNW has been sued six times for copyright infringement.[10]  Id. at 4 (citing Amini Innovation Corp. v. McFerran Home Furnishings, Inc., (C.D. Cal. 2014) (Lew, J.) 301 F.R.D. 487, 491 ("Courts have found that a defendant's litigation history may be relevant to the issue of willfulness in the copyright infringement context").

---

[10]    In defendants' motion in limine two, defendants argue that evidence of prior copyright citation should be excluded as irrelevant, particularly as to the issue of willfulness.  Dfs. MIL 2 at 4 (citing Wall Data Inc. v. L.A. County Sheriff's Dep't, 447 F.3d 769, 783 (9th Cir. 2006) (excluding evidence of products unrelated to the product at issue in the copyright litigation); Fahmy v. Jay Z, et al., 2:07-cv-05715, 2015 WL 5680299, at *15 (C.D. Cal. Sept. 24, 2015) (J. Snyder) (excluding evidence of prior unrelated copyright infringement claims as "minimally  probative to establish the defendants' willfulness" while "carrying a substantial risk of prejudicing the jury" and "result[ing] in mini-trials [which would] unduly delay" the trial)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

Plaintiff further asserts that defendants' deposition testimony evidences a complete lack of effort to determine the origins of the designs on the goods they purchased and sold. Id. Plaintiff argues that NNW relied on "nothing more than, at most, puffery from its vendors," and that NNW cannot provide any admissible evidence as to its efforts to prevent infringement. Id. at 5. With respect to Superline, plaintiff asserts that it relied on "nothing more than generic vendor letters" assuring that goods comply with all applicable law, and that it has "changed its policies and procedures" after multiple copyright lawsuits to require proof of actual ownership with respect to certain goods. Id.

"[T]o prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 991 (9th Cir. 2017) (quoting Wash. Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 674 (9th Cir. 2012)). "Willfulness does not exist, however, where infringing works were produced under color of title…." Evergreen Safety Council v. RSA Network Inc., 697 F.3d 1221, 1228 (9th Cir. 2012).

Upon review of the record, it appears that NNW's buyer received representations and reassurances from its Chinese vendor that the designs it sold were developed by or for that vendor, and that during the 2009 to 2015 period that NNW operated under these representations and reassurances, NNW never had any legal issues with the garments it imported. Dtk. 84 ¶¶ 6-7. Moreover, NNW's owner states that "I never had reason to believe NNW should have been making any further inquiry to its vendors concerning the source of the garment's designs." Id. ¶ 7. Similarly, it appears that Superline received representations and reassurances that the goods it purchased were complied with all applicable law, as Superlines' vendors are required to ensure that "all products comply with applicable federal, state, and local statutes, rules, and regulations." Dkt. 90 ¶ 3 & Ex. A. In addition, it does not appear that defendants made any sales of the Accused Garment after receipt of plaintiff's notice of alleged copyright infringement. At least one other Court in this district has determined that a plaintiff could not prove willfulness as a matter of law when defendant retail stores did not violate any cease and desist orders with its sales. United Fabrics Int'l, Inc. v. J. C. Penney Corp., Inc., No. 08-CV-1936-VBF-PJW, 2009 WL 10674938, at *3 (C.D. Cal. Apr. 10, 2009) (granting summary judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|----------|--------------------------|------|----------------|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

when plaintiff did not dispute that defendants did not receive or violate cease and desist letters, and when plaintiff did not offer any other evidence of its own as to willfulness); see also Evergreen Safety Council, 697 F.3d 1221 at 1228 (holding that prior to appellant's receipt of demand letters, appellant did not willfully infringe upon an appellee's copyright because it acted under color of title).  Moreover, recklessness or willful blindness is typically demonstrated by past practices of infringing other works, or when a defendant ignores a warning letter sent by plaintiff's counsel.  See Nimmer on Copyright § 1404[B][3][a], at 14-94–14-95; see also Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1335-36 (9th Cir. 1990) (finding willfulness because defendants received notice of the termination of their licenses to manufacture, distribute and sell certain copyrighted works, yet nevertheless continued to make sales); Microsoft Corp. v. E & M Internet Bookstore, Inc., 2008 WL 191346, (N.D. Cal., Jan. 22, 2008) (finding that defendants' infringement was willful after defendants received 65 takedown notices but continued to sell the products at issue); L.A. Printex Indus., Inc. v. Lia Lee, Inc., No. 08-CV-1836-ODW-PJW, 2009 WL 789877, at *7 (C.D. Cal. Mar. 23, 2009) (granting summary judgment with respect to willfulness when it was "undisputed" that defendant had notice of plaintiff's cease and desist letter but continued to sell the infringing design").

However, determining willfulness requires an assessment of defendants' state of mind, which is generally a factual inquiry ill-suited for judgment as a matter of law.  See Friedman v. Live Nation Merch., Inc., 833 F.3d 1180, 1186 (9th Cir. 2016) (holding that the defendant was not entitled to summary judgment on willfulness where the defendant's approval procedures for use of photographs "never explicitly asks about copyrights," which could demonstrate recklessness or willful disregard).  As stated, the record demonstrates that defendants did not engage in sales in violation of plaintiff's notice letters, and nothing in the record indicates that defendants have a prior history of infringement.  If compliance with cease and desist letters and a lack of prior history of infringement were the only two requisite inquiries with respect to willfulness, defendants would be entitled to judgment as a matter of law.  Yet considering the reasoning in Friedman, the Court concludes that a question of fact exists as to willfulness because a jury could reasonably conclude that defendants' purchasing process amounted to recklessness or willful disregard insofar as they failed to "explicitly ask[] about copyrights at all."  See Friedman, 833 F.3d 1180 at 1187.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                  **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

Accordingly, the Court **DENIES** defendants' motion in limine to exclude any evidence or argument related to alleged willful infringement on the part of NNW or Superline.

### F.      Defendants' Motion in Limine Eight

Defendants next assert that plaintiff has failed to show a "reasonable possibility, not merely a bare possibility," that defendants had the chance to view the Subject Design. Dfs. MIL 8 at 5 (citing Art Attacks Ink, LLC v. MGA Entm't Inc., 581 F.3d 1138, 1143 (9th Cir. 2009)). Defendants argue that plaintiff has not demonstrated that NNW's Chinese vendor had adequate access to the Subject design, and that plaintiff has failed to disclose any evidence that defendants had access to the Subject Design. Id. at 5–6. Accordingly, defendants request that any purportedly relevant evidence to the issue of access should be excluded. Id. at 6.

As with its opposition to defendants' motion in limine seven, plaintiff asserts that motion in limine eight is procedurally improper as it repackages defendants' motion for partial summary judgment. Pl. Opp'n 8 at 2.

The Court concludes, as it determined in its February 26, 2018 order, that the issue of access is better determined by a jury. Accordingly, the Court **DENIES** defendants' motion in limine to exclude any evidence or argument related to the issue of access. If appropriate, after trial the Court will consider whether judgment under Rule 50 is appropriate with respect to the issue of access.

## IV.      CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion in limine one. The Court **DENIES** plaintiff's motion in limine two. The Court **GRANTS** plaintiff's motions in limine three and four.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:16-cv-08558-CAS(MRWx) | Date | April 11, 2018 |
|---|---|---|---|
| Title | FABRIC SELECTION, INC. v. NNW IMPORT, INC. ET AL. | | |

The Court **GRANTS** defendants' motions in limine one, and **DENIES** defendants' motion in limine six.  The Court **GRANTS** defendants' motions in limine two, three, four, and five.  The Court **DENIES** defendants' motions in limine seven and eight.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|

Initials of Preparer                                    CMJ